**John F. WELCH, Petitioner,**

v.

**DEPARTMENT OF THE ARMY, Respondent.**

No. 02–3246.

United States Court of Appeals, Federal Circuit.

March 25, 2003.

Philip G. Villaume, Philip G. Villaume and Associates, of Edina, MN, for petitioner.

Wanda Rubianes–Collazo, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent. With her on the brief were Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director; and Donald E. Kinner, Assistant Director.

Before MICHEL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LINN, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

The Merit Systems Protection Board ("Board") held that (1) the petitioner had not been constructively demoted when he was not appointed to the higher grade position to which the former position had been reclassified, and (2) the agency had conducted a valid reduction-in-force under which the petitioner's old position was abolished and he was reassigned to a lower grade position. We affirm.

I

As the Board's administrative judge stated, "[t]he essential facts in this case are uncontroverted." Those facts, as found by the administrative judge after a hearing, are as follows:

The petitioner John F. Welch was a GS–13 Information Management Officer with the Army Corps of Engineers ("Corps") in St. Paul, Minnesota. There were five such positions in the Corps's district area. In June 1997, the Corps conducted a "consistency review" of those positions which, after noting that one of them was classified GS–14 and the others GS–13, concluded that all of the positions were properly classified. Corps headquarters recommended that Welch's position be realigned so that he would report to the Deputy Commander rather than to a Special Assistant. Under the point system the Corps used in classifying positions, this realignment of Welch's reporting would increase his points sufficiently to qualify him for a grade GS–14.

Effective March 1, 1998, Welch's position was realigned so that he reported to the Deputy Commander. In January 2000, a new position description was adopted for the GS–14 Information Management Officer position and the Corps announced a vacancy for that position. Welch and others applied, and someone other than Welch was selected. As the administrative judge stated, "[t]he agency then conducted a one-person reduction in force (RIF) by which [Welch] was released from his competitive level and assigned to the GS–12 position of Database Administrator effective December 12, 2000."

Welch appealed to the Board both the Corps's failure to promote him to the GS–14 position and the reduction-in-force under which his GS–13 position was abolished and he was reassigned to a GS–12 position. In his initial decision, which became final when the full Board declined to review it, the administrative judge upheld the Corps's action.

The administrative judge held that Welch had not suffered a constructive demotion when he was not promoted to the GS–14 position. The administrative judge quoted the Board's statement in *Burrell v. Environmental Protection Agency*, 81 M.S.P.R. 427, 429–30 (1999):

> To establish a claim of constructive demotion, an appellant must show that, at the time of his reassignment, (1) his former position was misclassified and should have been upgraded due to a classification error or a change in the classification standards (rather than due to a planned management action), and (2) he met the legal and qualification requirements for promotion to the higher grade. A constructive demotion is simply any assignment away from a position that should have been classified at a higher grade—either because it was previously classified erroneously or because new classification standards should have been applied, rather than because of the addition of duties or responsibilities through a planned management action—where the employee met the legal and qualification requirements for promotion to the higher grade. Because, in such a situation, the employee was entitled to a noncompetitive promotion prior to his reassignment, his reassignment away from that position had the effect of a demotion. (citations omitted).

The administrative judge then explained:

> The controlling factor in this case is the management decision to realign the appellant's position to report to the Deputy Commander rather than to the Special Assistant. This change resulted in an increase in the classification points attributed to the position and brought it within the classification range of a GS–14 level position. Because the change in grade was the result of the planned management action in realigning the position and not merely the correction of a

classification error, the appellant did not have an inherent right to be upgraded with the position. The position was not misclassified before the realignment and the agency took steps within a reasonable period of time after the reclassification of the position to fill the position by competitive procedures. Accordingly, I find the appellant has not established by a preponderance of the evidence he suffered a constructive demotion when he was not retained in the position of Information Management Officer after it was upgraded to the GS–14 level.

In upholding the reduction-in-force that resulted in Welch's reassignment to a GS–12 position, the administrative judge noted that the reduction-in-force occurred because Welch's GS–13 position had been eliminated. He explained: "A reorganization, even if it affects only one position as occurred here, is a permissible reason for a RIF and the Board lacks authority to review the management considerations underlying the exercise of the agency's discretion, including the decision to preserve or abolish a particular position … I find the agency has established by preponderant evidence it conducted a boni [sic] fide RIF." The administrative judge also concluded that in conducting the reduction-in-force, the Corps had complied with the other regulatory requirements for that action.

## II

In the context of this case, a critical element of the Board's concept of "constructive demotion" is, as the administrative judge recognized, that the employee's "former position was misclassified and should have been upgraded due to a classification error or a change in the classification standards (rather than due to a planned management action)." *See Burrell,* 81 M.S.P.R. at 429. The Board's con-

cept is that if the position should have been classified at a higher grade, but was not because of a classification error, the Board will treat the situation as if the position had been reclassified, so that the employee's continued classification at the lower grade is treated as a demotion, which the Board has jurisdiction to review. *See Hogan v. Dep't of the Navy,* 218 F.3d 1361, 1364 (Fed.Cir.2000). (The Board has no jurisdiction to review failure to promote, *Ellison v. Merit Sys. Prot. Bd.,* 7 F.3d 1031, 1034 (Fed.Cir.1993), or classification decisions, *Saunders v. Merit Sys. Prot. Bd.,* 757 F.2d 1288, 1290 (Fed.Cir. 1985)).

■ In this case the Board properly concluded that Welch had not shown that he was constructively demoted when the Corps changed the classification of his position from GS–13 to GS–14 but failed to appoint him to the higher new position. As the Board ruled, the change in grade resulted from a planned management action to realign the position so that the incumbent would report to someone higher in the chain of command. For there to be a constructive demotion under the Board's standards, the higher grade must result from a classification error or a change in classification standards, and not from a planned management action. *See Burrell,* 81 M.S.P.R. at 429.

Here, the higher grade resulted not from any classification error, but from the change in the official to whom Welch reported, which in turn increased his classification points to bring his position into the next higher grade. Indeed, shortly before the Corps realigned his position, the "consistency review" had concluded that the five Information Management Officer positions, including Welch's, were properly classified.

Welch contends that his position was misclassified after March 1, 1998, when he

began reporting to the Deputy Commander; and that therefore he was constructively demoted when he was not thereafter assigned to the new GS–14 position. The alleged misclassification, however, resulted not from a basic classification error but from the Corps's management decision to realign the position. It was such realignment, and not any classification error, that resulted in the higher grade for the position. The passage of the time required for the administrative creation of a new GS–14 position in place of the old GS–13 position did not mean that the old position was misclassified during the interval. *Cf. Artmann v. Dep't of Interior*, 926 F.2d 1120, 1123 (Fed.Cir.1991) ("[T]he Board here acted within its authority in concluding that the determination whether there had been a classification error was to be made with respect to the grade at which the position most recently had been classified, and that a classification error could not be established by showing that, because of an increase in duties, the position should have been upgraded through reclassification prior to the employee's reassignment.").

### III

 A reduction-in-force "is an administrative procedure by which agencies eliminate jobs and reassign or separate employees who occupied the abolished positions. A RIF is not an adverse action against a particular employee, but is directed solely at a position within an agency." *James v. Von Zemenszky*, 284 F.3d 1310, 1314 (Fed. Cir.2002) (citation omitted). It "is not an adverse action initiated against a particular employee due to his conduct or performance, but an action directed at the employee's position." *Schall v. U.S. Postal Serv.*, 73 F.3d 341, 344 (Fed.Cir.1996). Although a reduction-in-force frequently involves a reduction in the number of employees, it need not do so. If a position is eliminated for a proper managerial reason,

that will justify a reduction-in-force. *Gandola v. FTC*, 773 F.2d 308, 312–13 (Fed. Cir.1985); *see also* 5 C.F.R. § 351.201 (2002).

 Welch contends that the reduction-in-force that resulted in his reassignment to the GS–12 position was improper because it resulted from animus against him personally. He points to evidence in the record that his supervisor and other employees disliked him, and argues that the reduction-in-force was a pretext for removing him from a supervisory position and lowering his grade.

The record, however, does not show, or even indicate, that that was the reason for the reduction-in-force. To the contrary, the record supports the Board's finding that the Corps "has established by preponderant evidence it conducted a boni [sic] fide RIF."

 After the Corps had created a GS–14 position to take the place of the GS–13 position Welch had occupied, there was no longer any need or reason to continue the latter position. The Corps therefore justifiably and properly eliminated the GS–13 position. As the Board stated: "A reorganization, even if it affects only one position as occurred here, is a permissible reason for a RIF and the Board lacks authority to review the management considerations underlying the exercise of the agency's discretion, including the decision to preserve or abolish a particular position." The Board properly upheld the reduction-in-force that resulted in Welch's reassignment to a GS–12 position.

### CONCLUSION

The decision of the Board is *AFFIRMED*.