NOTE: This disposition is nonprecedential.

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

2007-3133

ROBERT P. BEAUDETTE,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Robert P. Beaudette, of Raton, New Mexico, pro se.

Roger A. Hipp, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Kathryn A. Bleecker, Assistant Director.

Appealed from: United States Merit Systems Protection Board.

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3133

ROBERT P. BEAUDETTE,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

_____

DECIDED:  October 10, 2007

_____

Before NEWMAN, RADER, and DYK, Circuit Judges.

PER CURIAM.

An administrative judge for the Merit Systems Protection Board ("MSPB" or "Board") dismissed Robert Beaudette's appeal of an alleged constructive demotion for lack of jurisdiction.  Beaudette v. Dep't of the Treasury, No. DE-0752-04-0112-B-1 (M.S.P.B. Feb. 24, 2006) ("Initial Decision").  In a split decision, the full Board denied Mr. Beaudette's petition for review.  Finding no error in the dismissal of Mr. Beaudette's appeal, this court affirms.

Mr. Beaudette, a long-time government employee, was a GS-13 Staff Assistant in the Internal Revenue Service's ("IRS") Wage and Investment Division ("WID"). Mr. Beaudette worked in WID area six, in Phoenix, Arizona, one of seven such areas. In August 2001, the IRS authorized the WID area directors to establish GS-14 Technical Advisor positions that would replace the GS-13 Staff Assistants. The IRS announced competition for the Technical Advisor positions shortly thereafter, in September 2001. Along with each of his Staff Assistant counterparts in the other six WID areas, Mr. Beaudette applied for the Technical Advisor position in his area. Unlike the other six incumbent Staff Assistants, Mr. Beaudette was not promoted to the GS-14 position. Without filling the GS-14 Technical Advisor position in area six, the IRS cancelled the position announcement in March 2002.

Mr. Beaudette requested a promotion to the GS-14 position in area six, asserting that he was performing the same functions as his recently-promoted counterparts in the other WID areas. Mr. Beaudette's supervisor submitted paperwork on his behalf for a temporary promotion. Still, the IRS did not promote Mr. Beaudette. He filed a grievance in September 2002. The grievance examiner, concluding that Mr. Beaudette was performing the duties of a GS-14 Technical Advisor, found him entitled to back pay. The IRS rejected the examiner's findings in December 2003.

During the grievance process, in April 2003, the IRS moved Mr. Beaudette to a GS-13 Analyst position. At that time, Mr. Beaudette learned that Ms. Kristin Carkeek would become the new area six GS-13 Acting Staff Assistant. Shortly thereafter, Ms. Carkeek received a temporary promotion to the same GS-14 position sought by Mr.

Beaudette.

Based on these events, Mr. Beaudette filed a constructive demotion appeal with the Board on January 12, 2004. Although the administrative judge entered an initial decision dismissing Mr. Beaudette's appeal as untimely, the Board found that Mr. Beaudette's appeal concerned two separate alleged agency actions, namely the IRS's September 2001 decision to upgrade Mr. Beaudette's former GS-13 position, and its decision in April 2003 to reassign Mr. Beaudette to a different GS-13 position and to promote Ms. Carkeek, his successor, to the GS-14 position. While finding that Mr. Beaudette's appeal with respect to the 2001 decision should indeed have been dismissed, though for lack of jurisdiction rather than untimeliness, the Board remanded Mr. Beaudette's appeal with respect to the 2003 events to the administrative judge for further consideration.

On remand, the administrative judge again dismissed for lack of jurisdiction, concluding that Mr. Beaudette's April 2003 reassignment was not permanent, and thus could not constitute a constructive demotion. In the alternative, the administrative judge concluded that even if Mr. Beaudette's reassignment had been permanent, he had not proved that his old position had been reclassified upward. Instead, the administrative judge found that the GS-13 Staff Assistant position had been upgraded to the GS-14 Technical Advisor position "by the addition of different and higher-graded duties," Initial Decision, slip op. at 6, and was therefore a "planned management action," independently precluding a finding of constructive demotion. The MSPB denied Mr. Beaudette's petition for review.

The Board's decision must be affirmed unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). This court reviews the MSPB's jurisdiction without deference, Forest v. Merit Sys. Prot. Bd., 47 F.3d 409, 410 (Fed. Cir. 1995), but defers to the Board's subsidiary findings relative to any jurisdictional judgments.

Under 5 U.S.C. § 7212(3) and (4) (2000), the Board has jurisdiction over "reduction in grade" and "reduction in pay" cases. Drawing from these provisions, the Board has also assumed jurisdiction over "constructive demotion" cases, which can arise even without an actual reduction in grade or pay. See Hogan v. Dep't of the Navy, 218 F.3d 1361, 1364 (Fed. Cir. 2000). For a constructive demotion claim, the employee must establish that: "(i) the employee was reassigned from a position which, due to the issuance of a new classification standard or correction of classification error, is entitled to a higher grade, and (ii) the employee meets the legal and qualification requirements for promotion to the higher grade." Walker v. Dep't of the Navy, 106 F.3d 1582, 1584 (Fed. Cir. 1997) (internal citations omitted).

A change in grade resulting from a planned management action, rather than a misclassification or reclassification based on new standards, does not constitute a constructive demotion. Welch v. Dep't of the Army, 323 F.3d 1042, 1045 (Fed. Cir. 2003). In Welch, a GS-13 position was realigned to a GS-14 position as a result of a decision to have the employee report to a more senior official. Id. at 1044. As this

2007-3133                                                    4

change in grade was the result of a planned management action rather than a misclassification or reclassification, this court affirmed the Board's conclusion that no constructive demotion occurred for the appellant, who had previously held the GS-13 position and was not appointed to the new GS-14 position. Id. at 1045. Similarly, in Artmann v. Department of the Interior, 926 F.2d 1120 (Fed. Cir. 1991), the appellant was appointed to a GM-13 Federal Aid Chief position in 1982, but after a "wide-scale reorganization" in 1987, the position was replaced by a new Deputy Assistant Regional Director-Federal Aid, a GM-14 position in 1988. The appellant sought, but did not receive, the GM-14 position. Instead the Department reassigned the appellant to a GS-13 Senior Staff Biologist position. Id. at 1121. The Board found that the position was upgraded because of planned management action (addition of duties over time, reorganization) rather than the result of a classification error. This court affirmed: "The fact that [the appellant's] duties may have increased since 1982 is not inconsistent with the Board's finding that the higher grade given to the successor position in 1988, following the reorganization, resulted from planned management action." Id. at 1125.

In Mr. Beaudette's case, the administrative judge determined that "it is clear from the appellate record that the GS-13 Staff Assistant position was upgraded to that of GS-14 Technical Advisor by the addition of different and higher-graded duties, i.e. 'planned management action'…." Initial Decision, slip op. at 6. MSPB Chairman McPhie, concurring in the full Board's denial of Mr. Beaudette's petition for review of the initial decision, compared the various duties of the non-supervisory GS-13 position and the supervisory GS-14 position, explaining that "the GS-14 position has greater responsibilities than the GS-13 position, that it requires critical knowledge not required

of the GS-13 position, and that, as an agency official testified, the agency has 'higher expectations' of the GS-14 Technical Advisors than it did of the GS-13 Staff Assistants." Beaudette v. Dep't of the Treasury, No. DE-0752-04-0112-B-1, concurring op. at ¶ 13 (M.S.P.B. Jan. 24, 2006) (McPhie, Chairman, concurring). Substantial evidence supports the administrative judge's conclusion.

Mr. Beaudette asks this court to look to the grievance examiner's report, which concluded that Mr. Beaudette was essentially performing the duties of a GS-14 Technical Advisor, and that his duties had not changed substantially over time. The administrative judge considered the grievance examiner's findings, but still determined that the upgrade was the result of a planned management action. While Mr. Beaudette correctly points out that his supervisor conceded that this is not a case of accretion of duties over time, this distinction is unavailing as a planned management action may take many forms, including, as here, a decision to upgrade a position by intentionally adding new duties and greater responsibilities. This court cannot reweigh the evidence as Mr. Beaudette requests. This court instead reviews the findings of the Board.

Because substantial evidence supports the Board's conclusion that the creation of the GS-14 Technical Advisor position was the result of a planned management action, the Board properly concluded that Mr. Beaudette could not establish a constructive demotion. Therefore, the Board correctly determined that it lacked jurisdiction.

Affirmed