NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3161

VICTOR R. ZIEGLER,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Victor R. Ziegler, of Ft. Thompson, South Dakota, pro se.

Stephanie M. Conley, Acting Assistant General Counsel, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were B. Chad Bungard, General Counsel.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3161

VICTOR R. ZIEGLER,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in DE3443020301-C-1.

_____

DECIDED: October 14, 2008

_____

Before SCHALL, CLEVENGER, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Victor R. Ziegler petitions for review of the final decision of the Merit Systems Protection Board ("Board") which dismissed his compliance petition for lack of jurisdiction. <u>Ziegler v. Dep't of Interior</u>, No. DE-3443-02-0301-C-1 (M.S.P.B. Dec. 18, 2007) ("<u>Final Decision</u>"). We <u>affirm</u>.

DISCUSSION

I.

Mr. Ziegler is an employee of the Bureau of Indian Affairs, a component of the Department of the Interior ("agency"). He filed two Equal Employment Opportunity ("EEO") complaints with the agency asserting discrimination in connection with an alleged constructive demotion and involuntary resignation. Subsequently, he filed two appeals with the Board in connection with these matters. The administrative judge ("AJ") dismissed both appeals on March 8, 2002 for lack of jurisdiction, because Mr. Ziegler had not proven constructive demotion or involuntary resignation; therefore, the appeals did not present "mixed" cases.[1] See Ziegler v. Dep't of Interior, No. DE-0752-02-0050-I-1, 2002 MSPB LEXIS 1424, at \*2–3, \*17–18 (M.S.P.B. Mar. 8, 2002), aff'd 70 Fed. Appx. 542 (Fed. Cir. 2003) (non-precedential). Mr. Ziegler then filed a new appeal attempting to reinstate the appeals. In a decision dated June 21, 2002, the AJ to whom the new appeal was assigned dismissed for adjudicatory efficiency because Mr. Ziegler had filed a petition for review with the full Board with respect to the March 8, 2002 dismissal, and the petition for review was still pending. Ziegler v. Dep't of Interior, No. DE-3443-02-0301-I-1 (M.S.P.B. June 21, 2002) ("June 21 Decision").[2]

---

[1] "A mixed case complaint is a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age or handicap related to or stemming from an action that can be appealed to the [Board]." 29 C.F.R. § 1614.302(a)(1) (2008). The Board does not have jurisdiction over pure discrimination claims.

[2] The Board joined the two appeals and denied review of the March 8, 2002 decision. This court affirmed the Board's decision. Ziegler v. Dep't of the Interior, 93 M.S.P.R. 308 (2002) (Table), aff'd, 70 Fed. Appx. 542 (Fed. Cir. 2003) (non-precedential).

In the new appeal eventually leading to the June 21, 2002 decision, Mr. Ziegler asserted that after the AJ's initial decision in March, the agency issued a final decision on the discrimination claims dated April 16, 2002. Mr. Ziegler alleged that the agency still took the position that his claims were "mixed" and that the Board was the proper forum for any appeal. The agency's final decision informed Mr. Ziegler that, because his claim was "mixed," he had no right of appeal to the Equal Employment Opportunity Commission ("EEOC"). In the June 21 Decision, after explaining why Mr. Ziegler's new appeal should be dismissed, the AJ determined that the agency's final decision should have provided Mr. Ziegler with "appeal rights to the EEOC" because the EEO claim presented an "unmixed" case. June 21 Decision, slip op. at 3. The AJ stated: "The agency should issue the appellant an amended notice of his appeal rights in the final decision on discrimination and all deadlines for filing should be tolled." Id.

On April 4, 2007, Mr. Ziegler filed a petition with the Board asking the Board to enforce compliance with the AJ's instructions to the agency in the June 21 Decision. Mr. Ziegler asserted that the agency never sent the notice of appeal rights called for in the June 21 Decision. The agency responded with documentation indicating that it had complied with the AJ's instructions. The agency also noted that Mr. Ziegler already had appealed his alleged constructive demotion and involuntary resignation to the EEOC. Mr. Ziegler countered that the agency had not in fact fully complied with the AJ's instructions.

Reviewing the parties' submissions and referring to the Board's denial of the petition for review of the March 8, 2002 initial decision dismissing Mr. Ziegler's appeals for lack of jurisdiction, the AJ stated: "Because the Board has issued a final order

holding that it lacks jurisdiction over the appellant's claims of constructive demotion and involuntary resignation, I conclude that the Board has no authority to rule on the appellant's petition for enforcement regarding this procedural matter." Ziegler v. Dep't of Interior, No. DE-3443-02-0301-C-1, 2007 MSPB LEXIS 6494, at *3–4 (M.S.P.B. July 31, 2007) ("Initial Decision"). The AJ therefore dismissed the appeal for lack of jurisdiction.

The Initial Decision became the final decision of the Board on December 18, 2007, when the Board denied Mr. Ziegler's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d) (2008). Final Decision, slip op. at 1–2.

## II.

We have jurisdiction over Mr. Ziegler's appeal pursuant to 28 U.S.C. § 1295(a)(9) (2006). Pursuant to 5 U.S.C. § 7703(c), we must affirm a decision of the Board unless we find it to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. See Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

We see no error in the decision of the Board in this case. While the Board has authority to enforce its orders, see 5 U.S.C. § 1204(a)(2), that authority is limited to enforcing orders in matters over which the Board has jurisdiction. See Worthington v. United States, 168 F.3d 24, 27 (Fed. Cir. 1999) (stating that the Board has jurisdiction over claims for back pay if it has jurisdiction over the underlying claim). In this case, it was determined that the Board lacked jurisdiction over Mr. Ziegler's claims of alleged

involuntary resignation and constructive demotion. Under these circumstances, the AJ correctly ruled that the Board lacked jurisdiction to adjudicate a procedural issue relating to those matters. As the AJ noted in the <u>Initial Decision</u>, if Mr. Ziegler is dissatisfied with the agency's processing of his discrimination complaint, his remedy is with the EEOC or federal district court. <u>See</u> <u>Toyama v. Merit Sys. Prot. Bd.</u>, 481 F.3d 1361, 1365 (Fed. Cir. 2007) ("[P]ure discrimination complaints follow the general EEOC procedures . . . . Those general procedures permit appeal of the agency's final decision only to the EEOC's OFO or filing a civil action in district court." (citing 29 C.F.R. § 1614.110(a) (2008))).

For the foregoing reasons, the final decision of the Board is affirmed.