# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JENIFER G. DEANDRADE,
                    Appellant,

                    v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
PH-3443-23-0151-I-1

DATE:  December 8, 2025

# THIS ORDER IS NONPRECEDENTIAL[1]

Jenifer G. DeAndrade, Attleboro, Massachusetts, pro se.

Roderick Eves, Saint Louis, Missouri, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her reassignment appeal for lack of jurisdiction.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

Effective January 28, 2023, the agency directed the appellant's reassignment from the position of Manager, Distribution Operations (MDO), Executive and Administrative Service (EAS) Level 20, to the position of Operations Support Specialist (OSS), EAS-20.  Initial Appeal File (IAF), Tab 1 at 7.  This appeal followed.  IAF, Tab 1.  The administrative judge issued an order informing the appellant of what is required to establish the Board's jurisdiction over her appeal.  IAF, Tab 2.  In her subsequent submissions, the appellant alleged, among other things, that her reassignment was a "reduction in grade" because the agency upgraded her position to the EAS-22 level before her reassignment.  IAF, Tabs 7, 12.  The agency also submitted argument and evidence on this issue.  IAF, Tab 11.

On June 18, 2024, without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 20, Initial Decision (ID).  He reasoned that the appellant did not allege that the agency ever took actions consistent with appointing her to a lower grade/step and, therefore, did not raise nonfrivolous allegations of Board jurisdiction.  ID at 3-4; *see* 5 U.S.C. § 7512(3).

The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has responded, PFR File, Tab 3, and the appellant has replied to the agency's response, PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant argues that the administrative judge erroneously found that she never alleged that she suffered a reduction in grade.  PFR File, Tab 1 at 4.  We agree.  In her pleadings before the administrative judge, she set forth facts that, if true, could establish that she was subjected to a constructive demotion.  IAF, Tabs 7, 12.

Although a reassignment without loss of grade of pay is not a matter within the Board's jurisdiction, a narrow exception exists when an employee is deemed to have suffered a constructive demotion because she is assigned from a position which, due to issuance of a new classification standard or correction of a classification error, was worth a higher grade, the employee met the legal and qualification requirements for promotion to the higher grade, and she was permanently reassigned to a position classified at a grade level lower than the grade level to which she would otherwise have been promoted. *Solamon v. Department of Commerce*, 119 M.S.P.R. 1, ¶ 15 (2012); *Russell v Department of the Navy*, 6 M.S.P.R. 698, 711 (1981). A critical element of this concept is that the employee's former position was upgraded due to a classification action, rather than due to a planned management action such as the addition of different and higher-graded duties. *See Welch v. Department of the Army*, 323 F.3d 1042, 1044-46 (Fed. Cir. 2003); *Spicer v. Department of Defense*, 59 M.S.P.R. 359, 362-67 (1993). In this situation, an employee is entitled to a noncompetitive promotion prior to her reassignment, and her reassignment away from that position had the effect of a demotion. *Burrell v. Environmental Protection Agency*, 81 M.S.P.R. 427, ¶ 5 (1999).

Here, the appellant certified a timeline of events as follows: (1) beginning in December 2018, she occupied an EAS-20 MDO position with a start time of 11:00 p.m. (i.e., "Tour 1"); (2) in May 2020, the agency suspended her or placed her in a non-duty status; (3) on or about February 1, 2022, the agency upgraded the Tour 1 MDO to an EAS-22 position; (4) the agency hired an individual who was not the appellant to fill the EAS-22 position; (5) the agency created a new EAS-20 MDO position with a start time of 7:30 p.m.; and (6) effective January 28, 2023, the agency reassigned the appellant to an EAS-20 OSS position and ordered her to return to duty in that capacity. IAF, Tab 12 at 5-9. She certified that the newly created Tour 1 EAS-22 MDO position had the same duties and responsibilities as the Tour 1 EAS-20 MDO position from which she was

reassigned, and she stated that witnesses would testify at a Board hearing in support of her contention. IAF, Tab 12 at 5. She also certified that she was qualified for the EAS-22 MDO position and set forth her work experience at the EAS-20 and EAS-21 levels. IAF, Tab 5 at 5, Tab 12 at 8.

When an appellant makes a nonfrivolous allegation that the Board has jurisdiction over an appeal, she is entitled to a hearing on the jurisdictional question. *Liu v. Department of Agriculture*, 106 M.S.P.R. 178, ¶ 8 (2007). A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s); *see also Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020). We find that the appellant has raised a nonfrivolous allegation of a constructive demotion when she asserted that the EAS-20 position that she held at the time of her reassignment was upgraded to a higher level without a significant change in duties or responsibilities and that she qualified for promotion to the higher level.[2] *Cf. Burrell*, 81 M.S.P.R. 427, ¶¶ 15-17 (finding nonfrivolous allegations of a constructive demotion when the appellant alleged that his GS-13 position was upgraded, without a significant change in duties or responsibilities, at the time he was reassigned to another position); *see also Young v. Department of the Navy*, 53 M.S.P.R. 384, 386-87 (1992) (remanding for further analysis of witness testimony supporting the appellant's assertion that, under a reorganization of his department, a new GM-13 supervisory position was the same as the GS-12 supervisory position from which he was reassigned). Thus, she is entitled to a jurisdictional hearing on her claim of a constructive demotion.

---

[2] The agency emphasizes that the EAS-22 position was posted on February 1, 2022, and filled on April 23, 2022, approximately 9 months before the appellant's reassignment, which the appellant does not dispute. IAF, Tab 11 at 6-7, Tab 12 at 6. The appellant highlights, however, that she was suspended or otherwise in a non-duty status at this time. IAF, Tab 12 at 6-7. In any event, we do not find that this timeline forecloses her claim of a constructive demotion at this stage.

**ORDER**

For the reasons discussed above, we remand this case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order. On remand, the administrative judge should permit the parties to complete discovery[3] and submit additional evidence and argument and shall afford the appellant a jurisdictional hearing on the appellant's claim of a constructive demotion.  If the administrative judge finds that the Board has jurisdiction over that claim, he shall adjudicate the merits of that claim.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.

---

[3] On review, the appellant argues that the administrative judge blocked her ability to obtain evidence supporting her constructive demotion claim by staying all discovery. PFR File, Tab 1 at 5; IAF, Tab 14.  The appellant is entitled to request the discovery of relevant materials to assist her in meeting the burden of establishing jurisdiction. *Russo v. Department of the Navy*, 85 M.S.P.R. 12, ¶ 8 (1999).