Phoebe PFAEHLER, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

Appeal No. 85–2113.

United States Court of Appeals, Federal Circuit.

Feb. 10, 1986.

---

Phoebe Pfaehler, pro se.

Evangeline W. Swift, Gen. Counsel, Mary L. Jennings, Associate Gen. Counsel for Litigation, and Martha Schneider, Merit Systems Protection Bd., Washington, D.C., for respondent.

Before BENNETT, NIES and NEW-MAN, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Petitioner Phoebe Pfaehler appeals from the final decision of the Merit Systems Protection Board (Board) dismissing her motion for attorney fees as untimely. We reverse the decision of the Board and remand for action on the merits of the request for attorney fees.

### Background

Mrs. Pfaehler, a clerk-typist with the Department of Health and Human Services, National Institutes of Health (agency) was removed from her position on September 4, 1981, based on her unauthorized disclosure of materials relating to preventive health. On appeal to the Board, Mrs. Pfaehler informed the presiding official that she would not commit such offenses again if reinstated. The presiding official affirmed the removal, expressing the belief that Mrs. Pfaehler would be likely to commit similar acts because of her great interest in holistic health. During this time, Mrs. Pfaehler consulted with an attorney from time to time to obtain legal guidance in her *pro se* efforts.

On appeal to this court, Mrs. Pfaehler appeared *pro se* and repeated her promise of good behavior. This court held that removal could not be sustained solely on the ground that the agency and the board subjectively believed that Mrs. Pfaehler would continue to offend. *Pfaehler v. De-partment of Health and Human Services,* 723 F.2d 69 (Fed.Cir.1983) (unpublished).

On remand, the Board took into account Mrs. Pfaehler's work history and statements of contrition, and on March 28, 1984 issued a decision mitigating her removal to a 45-day suspension, and ordering the agency to furnish evidence of compliance within 20 days. The agency did not comply, and on the 21st day moved for a stay of compliance for 60 days on the ground that the agency was requesting the Office of Personnel Management (OPM) to seek reconsideration by the Board. OPM did not make such a request, but the agency did not withdraw its motion, which was denied on June 5, 1984 for having been improperly filed. Meanwhile Mrs. Pfaehler had, according to the documents before us, been obliged to file further papers to compel agency compliance with the Board's order and sought the aid of her Congressman. Mrs. Pfaehler was reinstated on May 14, 1984.

At the time of that reinstatement, Mrs. Pfaehler advises that she was given a copy of Federal Personnel Manual Bulletin 550–42, that she states refers to back pay and attorney fees but does not mention a time limit.

On June 29, 1984, Mrs. Pfaehler filed a first request for attorney fees. The agency moved to dismiss the request as untimely since it was filed more than ten days after March 28, 1984. Mrs. Pfaehler argued, as she does before this court: (1) she was not informed of the time limit for filing requests for attorney fees, (2) because the agency didn't comply with the reinstatement decision of March 28 she did not recognize the decision as "final", and indeed there were further proceedings, and (3) a severe family illness in May and June of 1984 prevented her from acting more promptly in filing her request.

The Board denied the request for attorney fees for failure to state sufficient cause for waiver of the time limit.

### Opinion

The Board's regulation requires that a request for attorney fees be made within

ten days of the "final date of a decision" in favor of the appellant. 5 C.F.R. § 1201.-37(a)(2). This requirement may be waived on a showing of good cause, since the specific time limit is not required by statute. 5 C.F.R. § 1201.12.

The Board enunciated in *Alonzo v. Department of the Air Force*, 4 MSPB 262, 4 M.S.P.R. 180, 184 (1980) that a variety of factors may affect the determination of whether there exists sufficient basis for waiver of the time limit for filing appeals to the Board. Such factors include the length of the delay, whether the appellant was notified of the time limit or was otherwise aware of it, the existence of circumstances beyond the control of the appellant that affected his or her ability to comply with the time limit, the degree to which negligence by the appellant was shown to be present or absent, circumstances which show excusable neglect, a showing of unavoidable casualty or misfortune, and the extent of the prejudice to the agency resulting from the waiver. *Id.*, 4 M.S.P.R. at 184. These same factors may be considered in determining whether to waive the time limit applicable to attorney fees. *Small v. Department of the Navy*, 6 MSPB 312, 6 M.S.P.R. 366, 367 (1981).

In response to Mrs. Pfaehler's contention that she was not informed of the time limit for filing an attorney fee petition, the Board cited *Small v. Department of the Navy*, 6 MSPB 312, 6 M.S.P.R. 366 (1981), in asserted support of its conclusion that Mrs. Pfaehler's failure to familiarize herself with Board regulations did not excuse her late filing. In *Small* the Board stated "[t]he fact that appellant did not read the material provided him standing alone, does not support a finding of good cause for waiving the regulation". *Id.*, 6 M.S.P.R. at 367. In *Small* it appears that the appellant was specifically notified of the time limit by provision of the Board regulation, and that the failure to familiarize himself with the Board regulation was his only excuse, "standing alone". No such notice is in the record before us. *Small* does not stand for the proposition for which it was cited.

The Board relies on *Solis v. Office of Personnel Management*, 9 MSPB 792, 10 M.S.P.R. 584 (1982), for the premise that Mrs. Pfaehler's belief that she might need additional legal services before her reinstatement does not provide sufficient cause to waive the time limit. However, Mr. Solis "never claimed that he was unaware of the time limit for filing such a motion or that circumstances beyond his control prevented him from doing so." *Id.* 10 M.S.P.R. at 586. By contrast, such factors are not disputed with respect to Mrs. Pfaehler.

The Board states that the "final date" of its decision was March 28, 1984, and that the ten-day limit for attorney fees is counted from this date. However, the agency's motion for a stay of the Board's order could well lead a *pro se* litigant to believe that the legal proceedings were not finally ended and that a request for attorney fees would be premature. Thus these facts are distinguished from those of *Kerr v. National Endowment for the Arts*, 13 MSPB 39, 14 M.S.P.R. 343 (1983), *aff'd*, 726 F.2d 730 (Fed.Cir.1984), wherein this court affirmed that waiting until after the agency had complied was not adequate cause for waiver of the ten-day limit when the attorney's reason was that he was "too busy" to file on time.

The purpose of the ten-day limit in 5 C.F.R. § 1201.37(a) can not be to trap the unsophisticated, or to provide an excuse for the denial of meritorious cases.

In addition to her uncertainty as to the finality of the proceedings, Mrs. Pfaehler asserts that she still was unaware of the ten-day deadline, was misled by the silence of Federal Personnel Manual Bulletin 550–42, and was occupied because her father was ill with cancer. We discount the latter excuse. However, in keeping with *Alonzo:* "good cause is an elastic concept [which] entitles the employee to the application of the broad equitable principles of justice and good conscience". 4 M.S.P.R. at 183–84. Based on the totality of circumstances of this case, we conclude that the Board abused its discretion in refusing to waive the time limit for filing of Mrs. Pfaehler's

attorney fee request. We reverse this ruling, and remand for determination of the merits of the fee request. *See* 5 U.S.C. § 7703(c)(1).

REVERSED AND REMANDED.