Juanita C. MENDOZA, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

No. 91–3202.

United States Court of Appeals, Federal Circuit.

Nov. 18, 1991.

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals of the Eleventh Circuit.

1. *See Procup v. Strickland,* 792 F.2d 1069 (11th Cir.1986).

Juanita C. Mendoza, pro se.

Michael K. Martin, Merit Systems Protection Board, of Washington, D.C., submitted for the respondent. With him on the brief were Mary L. Jennings, Acting General Counsel and Sara B. Rearden, Acting Asst. General Counsel. Margaret L. Baskette, Jeanne E. Davidson and David M. Cohen, Dept. of Justice, of Washington, D.C., represented the respondent. Murray M. Meeker, Office of Personnel Management, Washington, D.C., of counsel.

Before NIES, Chief Judge, NEWMAN and RADER, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Juanita C. Mendoza appeals the final decision of the Merit System Protection Board (MSPB), 47 M.S.P.R. 123, dismissing for untimeliness her appeal of a reconsideration decision of the Office of Personnel Management (OPM). We reverse and remand.

### BACKGROUND

Mrs. Mendoza, residing in the Phillipines, applied for a survivor annuity under the Civil Service Retirement System, based on

her late husband's asserted service for the United States during the 1940's. OPM denied the application, and Mrs. Mendoza requested reconsideration. OPM issued a reconsideration decision dated May 7, 1990, sustaining its initial decision. The reconsideration decision informed Mrs. Mendoza of her right to appeal to the MSPB, and informed her of the 25–day time limit for the filing of that appeal. She filed an appeal on July 4, 1990, some five weeks late.[1] Mrs. Mendoza in her appeal requested "waiver for the timeliness [on] the ground that I am very old and sickly, and I can't go to the doctor for the aid, because no monies for the [ex]penses so that I can give you the certificate of a doctor to satisf[y] your good office."

The administrative judge in acknowledging the petition stated that the appeal "may be untimely", and issued an Order that Mrs. Mendoza file evidence and argument showing that the appeal was timely or that good cause existed for the delay in filing. The administrative judge did not respond to Mrs. Mendoza's request for waiver of the admitted untimeliness, or comment on the reason that she gave with the request. Mrs. Mendoza did not submit additional evidence or argument on the issue of timeliness, although she further argued the merits of entitlement to the requested annuity.

OPM moved to dismiss the appeal as untimely filed, stating that "no evidence had been submitted to establish good cause for waiver". OPM did not comment on Mrs. Mendoza's request for waiver for the reasons already filed. The administrative judge granted OPM's motion and dismissed the appeal, advising Mrs. Mendoza of her right to appeal the dismissal to this court. This appeal followed.

### Discussion

By MSPB regulation, the appeal was required to be filed no later than twenty-five days after the date of OPM's reconsideration decision. 5 C.F.R. § 1201.22(b). An untimely filing will be dismissed unless "a

good reason for the delay is shown". 5 C.F.R. § 1201.22(c). The appellant bears the burden of proof on issues of timeliness, by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(ii).

██ Factors to be considered in determining whether to waive untimely filing include: the length of the delay; whether the appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his or her ability to comply with the time limit; the degree to which negligence by the appellant was shown to be present or absent; circumstances which show that any neglect involved is excusable; a showing of unavoidable casualty or misfortune; and the extent and nature of prejudice to the agency which would result from waiver of the time limit. *See Pfaehler v. Merit Systems Protection Board,* 783 F.2d 187, 189 (Fed.Cir. 1986) (citing *Alonzo v. Department of the Air Force,* 4 M.S.P.B. 262, 264, 4 M.S.P.R. 180, 184 (1980)). Whether tardy filing is waived in a particular case is a discretionary decision of the MSPB. *Phillips v. United States Postal Service,* 695 F.2d 1389, 1390 (Fed.Cir.1982). Under the provisions of 5 U.S.C. § 7703(c), this court shall set aside MSPB actions, findings, or conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without following required procedures; or (3) unsupported by substantial evidence.

██ The MSPB stated that Mrs. Mendoza submitted no explanation for the delayed filing of her appeal. The administrative judge's Order referred to and apparently accepted OPM's statement that Mrs. Mendoza had made no showing. Neither the MSPB nor OPM referred to the reasons that Mrs. Mendoza had given to explain her tardy filing, or made any determination as to their sufficiency. There is no support for the administrative judge's ruling that "the appellant presented no evidence or argument". Mrs. Mendoza's appeal explic-

---

**1.** This filing date was determined by the postmarked date of mailing, in accordance with 5 C.F.R. § 1201.4(1). The appeal was received by the MSPB on July 19, 1990.

itly requested a waiver of the time limit, on the ground that she is "very old and sickly". Her explanation may be viewed as in the *Alonzo* category of unavoidable misfortune, or perhaps in the categories of circumstances beyond appellant's control or excusable neglect. None of the *Alonzo* factors was asserted by OPM to weigh against the requested waiver; and this five weeks of delay was not asserted to have prejudiced the government in this case. "*Alonzo* states that when an employee presents a reasonable excuse for a delay in filing, the excuse should be accepted absent a showing by the agency of substantial prejudice because of the delay in filing." *Young v. Department of Commerce, Census Bureau*, 737 F.2d 1029, 1031 (Fed.Cir.1984).

█ In the absence of any contrary evidence or contrary argument, Mrs. Mendoza's request for waiver is supported by the preponderance of this admittedly sparse record. We take cognizance of the inequity when a petitioner is denied any review of the merits of a cause, for as the MSPB recognized, "[t]here are strong policy considerations that employees be given a hearing on the merits of their cases and that they be ensured a fair opportunity to secure from the Board an independent review of agency action." *Alonzo*, 4 M.S.P.B. at 263, 4 M.S.P.R. at 183. The dismissal thus was arbitrary and an abuse of the Board's discretionary authority, for it did not "have a 'rational basis supported by substantial evidence from the record taken as a whole.'" *Mitchum v. Tennessee Valley Authority*, 756 F.2d 82, 85 (Fed.Cir.1985), quoting *VanFossen v. Dept. of Housing & Urban Development*, 748 F.2d 1579, 1580 (Fed.Cir.1984). *See* 5 U.S.C. § 7703(c).

The dismissal is reversed, and the case is remanded to the Board for consideration of the merits of Mrs. Mendoza's appeal.

### Costs

Costs to Petitioner.

REVERSED AND REMANDED.