NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES R. ARNOLD,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2014-3073

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-09-0965-C-1.

---

Decided: July 24, 2014

---

JAMES R. ARNOLD, of Penngrove, California, pro se.

SARA B. REARDEN, Attorney, Office of General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief was BRYAN G. POLISUK, General Counsel.

---

Before PROST, *Chief Judge,* MOORE and CHEN, *Circuit Judges.*

PER CURIAM.

James R. Arnold petitions for review of a final order of the Merit Systems Protection Board (Board or MSPB), which sustained the Administrative Judge's (AJ) dismissal of Mr. Arnold's Petition for Enforcement (PFE) of a settlement agreement with the United States Postal Service (USPS or agency) as untimely filed. *See Arnold v. U.S. Postal Serv.*, SF-0752-09-0965-C-1 (M.S.P.B. Dec. 27, 2013) (*Final Order*). For the reasons discussed below, we *vacate* and *remand*.

## BACKGROUND

Mr. Arnold worked as a mail handler for the USPS, a position from which he was removed in September 2009. Mr. Arnold challenged his removal at the Board, contending that the USPS should have delayed his termination until the Office of Workers' Compensation Programs (OWCP) could resolve his claim for disability due to carpal tunnel syndrome. Mr. Arnold and the USPS, represented by its attorney Deborah Winslow, subsequently entered into a settlement agreement (Agreement) and the AJ dismissed Mr. Arnold's appeal of his termination as settled. A notice accompanying the Dismissal Order stated: "Any petition for enforcement must be filed within a reasonable period after you discover the asserted noncompliance. If you believe that your petition is filed late, you should include a statement and evidence showing good cause for the delay and a request for an extension of time for filing." *Arnold v. U.S. Postal Serv.*, SF-0752-09-0965-C-1, slip op. at 5 (M.S.P.B. Nov. 20, 2009) (*Dismissal Order*).

In September 2012, Mr. Arnold filed a PFE with the Board alleging that the USPS breached the Agreement. Mr. Arnold contended that the Agreement entitled him to a "right to file injury compensation claims" (Right-to-File Clause), and that the USPS prevented him from exercising it by making statements contrary to the Agreement's

provision that the USPS "separate[d] [Mr. Arnold] based on his inability to perform the duties of his assigned position" (Inability Clause). Resp't's App. at 48. Mr. Arnold's PFE referred to a notice of decision, dated November 2011, in which the OWCP concluded that Mr. Arnold was not entitled to disability compensation. In support of its decision, the OWCP relied in part on an email message from Ms. Winslow. Ms. Winslow wrote the email in response to the OWCP's and Mr. Arnold's requests for "clarification" of the Agreement and of "the MSPB decision's reason for separation." *Id.* at 60. Ms. Winslow's email stated that "[the separation] was strictly about attendance and did not have anything to do with the carpal tunnel which you claimed you have. . . . For purposes of the MSPB settlement, the parties never came to an agreement as to why you could not perform the work which you were offered." *Id.* (alterations omitted). In the PFE, Mr. Arnold contended that "Ms. Winslow's interference with my right to obtain injury compensation . . . is a deliberate attempt to prevent my compensation" in contravention of the Agreement. *Id.* at 41.

The AJ issued an acknowledgement order noting that Mr. Arnold had the burden to prove that the Agreement was breached. Relevant to this appeal, the AJ also indicated that Mr. Arnold's PFE "appears untimely on its face" and ordered Mr. Arnold to "file evidence and argument showing that [the PFE] was timely filed or that good cause existed for the delay." *Arnold v. U.S. Postal Serv.*, SF-0752-09-0965-C-1, slip op. at 2–3 (M.S.P.B. Oct. 4, 2012) (*Acknowledgement Order*). The USPS, through Ms. Winslow,[1] responded to the merits of Mr. Arnold's petition

---

[1] Ms. Winslow changed her name to Deborah Winslow-Portillo. We will continue to refer to her as "Ms. Winslow" to avoid confusion.

and addressed the issue of timeliness. On the merits, the USPS contended that it did not breach the Agreement by telling the OWCP that the Inability Clause "is not evidence that [Mr. Arnold] cannot perform [his] duties because of a work related injury. . . . For example, if an employee is unable to report to work because of personal problems, this is also an inability to perform one's duties." Resp't's App. at 35. On the timeliness issue, the USPS contended that a ten-month delay between Mr. Arnold's receipt of the OWCP's notice of decision and the date he filed the PFE was unreasonable.

On the merits, Mr. Arnold responded that "the substance of the [A]greement was that I would not pursue my suit against my former manager at the USPS and they would not continue to interfere with my disability claim." *Id.* at 32. Mr. Arnold argued that, otherwise, the Right-to-File Clause would be an empty assurance. With regard to the Inability Clause, Mr. Arnold contended that the USPS's interpretation was effectively taking advantage of a "calculated legal ambiguity." *Id.* He argued that the Inability Clause served "to compel the Agency to acknowledge my disability due to carpal tunnel. . . . No other inability was ever discussed, alleged, or considered." *Id.*

On the timeliness issue, Mr. Arnold offered the following explanation:

> I realized in reading the Agency's answers to the OWCP last November that I had failed to anticipate the implications of the legalistic wording of the agreement, and I hoped (without success) to be able to save enough money to retain an attorney before both appealing the OWCP's decision and filing a complaint with the MSPB. The statement about timeliness in the MSPB Initial Decision (11/20/2009) was not specific, and I assumed it was the same period of one year (from

11/8/2011) provided by the OWCP. I hope that what has primarily been a financial impediment will not be considered a disqualification of my complaint.

*Id.* at 33. In subsequent submissions, Mr. Arnold stated that "none of the cases referenced by the Postal Service regarding timeliness are relevant to my situation, where an inability to retain legal assistance and a presumption of uniformity in the federal definition of timeliness were involved." *Id.* at 28. He also explained that "[a]t every juncture in the proceedings at the MSPB but one, [the AJ] has specified a date by which time a pleading must be filed, and I exercised due diligence in complying with his orders." *Id.* at 27. Finally, Mr. Arnold asserted that the USPS was not harmed by his delay in filing.

The AJ dismissed Mr. Arnold's PFE as untimely. The AJ determined that "[n]othing in the initial decision would indicate that the time for filing a PFE with the Board would correspond with the time for seeking review of an OWCP decision." *Arnold v. U.S. Postal Serv.*, SF-0752-09-0965-C-1, slip op. at 6 (M.S.P.B. May 15, 2013) (*Initial Decision*). The AJ also found that Mr. Arnold did not "exercise[] due diligence or ordinary prudence in assuming he could delay filing his PFE until he had secured legal representation." *Id.* Finally, the AJ stated that "whether or not the agency might be prejudiced by the delay is not a factor before me." *Id.* The full Board denied the petition for review and affirmed the AJ's decision.

Mr. Arnold timely appealed and moved to proceed *in forma pauperis*. We granted the motion. *Arnold v. Merit Sys. Prot. Bd.*, No. 14-3073 (Fed. Cir. Apr. 1, 2014), ECF No. 9. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must affirm a decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2012); *see Stout v. Merit Sys. Prot. Bd.*, 389 F.3d 1233, 1237 (Fed. Cir. 2004) (reviewing the Board's timeliness decision in accordance with the criteria of § 7703(c)). We review the Board's legal determinations *de novo*. *Welshans v. U.S. Postal Serv.*, 550 F.3d 1100, 1102 (Fed. Cir. 2008).

On appeal, Mr. Arnold asks us to "order a resumption of [his] case with MSPB against the USPS." Informal Br. of Pet'r at 2. He reiterates that, in the order dismissing his initial appeal due to settlement, "there was no time limit specified, no definition was provided of 'a reasonable period of time' . . . . And for the MSPB to issue an unspecified and apparently discretionary time limit, then treat it as a deadline (still unspecified) fatal to my petition, is I believe harsh and unreasonable." Letter Br., *Arnold v. Merit Sys. Prot. Bd.*, No. 14-3073, at *1 (Fed. Cir. Feb. 15, 2014), ECF No. 6. Mr. Arnold contends he did not file sooner because he did not realize he had to and that he was saving money to be able to afford legal representation. Mr. Arnold further argues that "if there is a reason to insist on timeliness in the filing of pleadings and petitions, it would seem to be for the purpose of preserving the interests of the parties involved." *Id.* at 2. He contends that "I am the party awaiting compensation from the time I was disabled, and I continue to be the one adversely affected by delay. To penalize me for, in effect, having penalized myself is I believe unreasonable and unjust." *Id.*

The USPS responds that the reasons that Mr. Arnold provided are not sufficient to excuse a ten-month delay in

filing his PFE. It contends that nothing in the decision dismissing his initial appeal due to settlement would lead a reasonable person to conclude that the time for filing a PFE with the Board would correspond to the time for seeking review of an OWCP decision. The USPS argues that saving money to hire an attorney does not provide good cause for delay. Finally, it contends that the fact that the agency may not have been harmed by the delay is irrelevant so long as the petitioner has not shown that he filed the PFE within a reasonable time.

The regulation governing PFEs states that a party "may petition the Board . . . for enforcement of the terms of the settlement agreement that has been entered into the record." 5 C.F.R. § 1201.182(a) (2012). It further states that "[t]he petition *must be filed promptly* with the regional or field office that filed the initial decision . . . and it must describe specifically the reasons the petitioning party believes there is noncompliance." *Id.* (emphasis added).

Interpreting § 1201.182 in *Kasarsky v. Merit Systems Protection Board*, we held that "an enforcement petition alleging a breach of a settlement agreement must be filed within a reasonable amount of time of the date the petitioning party becomes aware of a breach of the agreement." 296 F.3d 1331, 1335 (Fed. Cir. 2002). We added that "[t]he reasonableness of the time period depends on the circumstances of each case" and that

> [a] petition for enforcement is presumed to be timely and subject to the jurisdiction of the Board until challenged, either by the Board on its own initiative or by the agency. As a result of such a challenge, if on its face the petition is untimely, then the burden is on the petitioner to show facts establishing why the petition is not untimely.

*Id.* We reversed the Board's decision in *Kasarsky* because the Board erred in determining the date of accrual of the

petitioner's cause of action. *Id.* at 1336–37. In *Poett v. Merit Systems Protection Board*, we suggested that a 14-month delay would have been unreasonable, but reversed because the Board incorrectly determined when the petitioner had actual knowledge of the breach and that the delay in fact amounted to only one month. 360 F.3d 1377, 1384 (Fed. Cir. 2004).

Because "[a] petition for enforcement is presumed to be timely," we conclude that the initial burden to show untimeliness is on the party invoking the untimeliness defense—here, the Board or the agency. *Kasarsky*, 296 F.3d at 1335. However, here we need not decide whether the agency established that the PFE was untimely on its face, because, even if it was facially untimely, we find that the agency failed to fully consider whether Mr. Arnold's delay in filing his PFE was reasonable.

We begin with the proposition that "policy considerations counsel against dismissals for untimely filing and militate for providing employees with a hearing on the merits of their appeals" and that "broad equitable principles of justice and good conscience should be applied" when dealing with issues of timeliness. *Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed. Cir. 1994) (citing *Alonzo v. Dep't of Air Force*, 4 M.S.P.R. 180, 183–84 (1980)) (internal quotation marks omitted). Moreover, "'if the employee gives a reasonable excuse for the delay, such excuse should be accepted by the presiding official, absent a showing of substantial prejudice to the agency caused by the delay in filing.'" *Id.* (quoting *Alonzo*, 4 M.S.P.R. at 184).

With these principles in mind, we conclude that the Board did not fully consider whether Mr. Arnold's ten-month delay in filing his PFE was reasonable. We agree with the Board that delaying filing to save money for an attorney is not a reasonable excuse. But we hold that the Board failed to address the merits of Mr. Arnold's argu-

ment whether his reliance on the one-year time limit to challenge OWCP decisions, *see* 20 C.F.R. § 10.607(a) (2011), was reasonable. The AJ stated only that nothing in the Dismissal Order indicated that the time for filing a PFE would correspond to the time for seeking review of an OWCP decision. *See Initial Decision* at 6. But that does not answer the question whether, in the absence of any instruction as to what "reasonable" means in this context, it was reasonable for Mr. Arnold to be guided by the OWCP deadline. *Cf. Walls*, 29 F.3d at 1583–84 (reversing and remanding where a notice stated that an appeal must be filed "within twenty (20) days" because it was unclear whether the notice meant calendar or working days). Here, Mr. Arnold's PFE was related to OWCP proceedings because the purpose of both was to obtain disability compensation. Furthermore, one-year time limits are common in a disability context, *see, e.g.*, 5 U.S.C. § 8337(b) (2012); *id.* § 8453. The AJ's analysis, which relied on another Board case where a ten-month delay was found to be unreasonable, does not address Mr. Arnold's argument or explain why the OWCP deadline was unreasonable for Mr. Arnold to rely upon. It thus fails to follow our instruction to consider each case according to its unique facts and circumstances. *See Kasarsky*, 296 F.3d at 1335.

This case involves a pro se petitioner who was told only to file within a reasonable time. He had no guidance on what was reasonable. On remand, the Board must consider the facts and circumstances of this case: that Mr. Arnold was not given an indication of what a reasonable period would be; Mr. Arnold's pro se status; and Mr. Arnold's claim that he believed one year to be a reasonable period of time given that his OWCP claim provided a year in which to appeal. *See id.*; *Walls*, 29 F.3d at 1583; *Pfaehler v. Merit Sys. Prot. Bd.*, 783 F.2d 187, 189 (Fed. Cir. 1986); *see also Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653–54 (Fed. Cir. 1992) (en banc). Because the

facts of each case are different, the Board's prior determination that a ten-month delay was unreasonable does not answer the question whether Mr. Arnold had a reasonable excuse for his ten-month delay.[2]

CONCLUSION

We *vacate* and *remand* for further proceedings consistent with this opinion.

**VACATED AND REMANDED**

---

[2]    We note that the challenges of this case could be resolved by the Board adopting a discrete deadline for filing timely PFEs.