**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JAMES R. ARNOLD,<br>　　　　　Appellant, | DOCKET NUMBER<br>SF-0752-09-0965-M-1 |
| 　　　v. | |
| UNITED STATES POSTAL SERVICE,<br>　　　　　Agency. | DATE: January 16, 2015 |

# THIS ORDER IS NONPRECEDENTIAL[*]

James R. Arnold, Penngrove, California, pro se.

Deborah C. Winslow, San Francisco, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1　　This case is before the Board on remand from the United States Court of Appeals for the Federal Circuit, which vacated the Board's December 27, 2013 decision in this compliance matter and remanded the case for further proceedings. For the reasons set forth below, we find that the appellant had a reasonable

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

excuse for the delay in filing his petition for enforcement (PFE) of the parties' settlement agreement, and we REMAND the case to the Western Regional Office for adjudication of the merits of the PFE.

## BACKGROUND

¶2 In November 2009, the parties reached a settlement agreement that resolved a Board appeal of the appellant's removal from his Mail Handler position for Extended Absence Without Leave (AWOL). *Arnold v. U.S. Postal Service*, MSPB Docket No. SF-0752-09-0965-I-1, Initial Appeal File (IAF), Tab 1, Tab 5 at 19, 23 of 46, Tab 17. The agreement provided, in relevant part, that the agency would rescind the appellant's removal for AWOL and separate the appellant based on his inability to perform the assigned duties of his position. IAF, Tab 17 at 2. The agreement also contained a paragraph which provided that the appellant would withdraw his appeal and concluded with the following statement: "Nothing in this paragraph shall pertain in any manner to [a]ppellant's right to file injury compensation claims . . . ." *Id.* at 2-3.

¶3 In a November 20, 2009 initial decision that became the final decision of the Board, the administrative judge dismissed the appellant's removal appeal as settled, retaining jurisdiction to enforce the settlement agreement, and informed the appellant of his right to file a PFE if he believed that there had not been full compliance with the terms of the agreement after the initial decision became final. IAF, Tab 19, Initial Decision (ID) at 2, 5. The initial decision also notified the appellant as follows: "Any [PFE] must be filed within a reasonable period of time after you discover the asserted noncompliance." ID at 5.

¶4 On September 28, 2012, the appellant filed a PFE with the Board, alleging that the agency had breached the settlement agreement by interfering with his "right to obtain injury compensation." *Arnold v. U.S. Postal Service*, MSPB Docket No. SF-0752-09-0065-C-1 (C-1), Compliance Appeal File (CAF), Tab 1 at 1. With his PFE, the appellant submitted a November 8, 2011 decision from

the Office of Workers' Compensation Programs (OWCP) finding that the appellant was not entitled to disability compensation. *Id.* at 4-6. In support of its decision, OWCP cited the following statements from agency counsel in response to OWCP's request for clarification regarding the reason for the appellant's separation: "[The appellant's removal] was strictly about attendance and didn't have anything to do with the carpal tunnel which [the appellant] claimed to have[;]" and "[f]or purposes of the MSPB settlement, the parties never came to an agreement as to why [the appellant] could not perform the work which [he was] offered." *Id.* at 5. In his PFE, the appellant alleged that the agency breached the settlement agreement by providing the above information to OWCP. *Id.* at 1.

¶5 The administrative judge issued an order in which he informed the appellant that his PFE may be untimely, as he may have been aware of the alleged breach on or about November 8, 2011, but did not file his PFE until September 28, 2012. CAF, Tab 2 at 3. The administrative judge ordered the appellant to file evidence and argument showing that his PFE was timely filed or that good cause existed for the delay. *Id.*

¶6 In response, the appellant asserted that he hoped to be able to save enough money to retain an attorney before appealing OWCP's decision and filing a complaint with the Board. CAF, Tab 6 at 2. He also asserted that the statement about timeliness in the November 20, 2009 initial decision was not specific, and he assumed that the time limit for filing a PFE was the same period of 1 year (from November 8, 2011) provided by OWCP. *Id.*

¶7 The administrative judge issued a compliance initial decision dismissing the PFE as untimely filed without a showing of good cause for the delay. CAF, Tab 22, Compliance Initial Decision (CID) at 1, 6-7. The administrative judge found that nothing in the November 20, 2009 initial decision would indicate that the time for filing a PFE with the Board would correspond with the time for seeking review of an OWCP decision. CID at 6. The administrative judge also found that

the appellant did not exercise due diligence or ordinary prudence in assuming he could delay filing his PFE until he had secured legal representation.  CID at 6.

¶8        The appellant filed a petition for review of the compliance initial decision. C-1, Compliance Petition for Review (CPFR) File, Tab 1.  The Board denied the appellant's petition for review and affirmed the compliance initial decision in a December 27, 2013 Nonprecedential Final Order, and the appellant filed an appeal of the Board's final order with the Federal Circuit.  CPFR File, Tab 6, Final Order; *Arnold v. U.S. Postal Service*, MSPB Docket No. SF-0752-09-0965-L-1, Litigation File, Tab 1.

¶9        In its decision, the Federal Circuit agreed with the Board that delaying filing to save money for an attorney is not a reasonable excuse for the appellant's 10-month delay in filing the PFE but found that the Board did not fully consider whether that delay was reasonable.  *Arnold v. Merit Systems Protection Board*, 572 F. App'x 977, 982 (Fed. Cir. 2014).  More specifically, the court held that the Board had failed to address the merits of the appellant's argument that his reliance on the 1-year time limit to challenge OWCP decisions was reasonable. *Id.* (citing 20 C.F.R. § 10.607(a)).  The court noted that the appellant's PFE was related to OWCP proceedings because the purpose of both was to obtain disability compensation.  *Arnold*, 572 F. App'x at 982.  The court further noted that 1-year time limits are common in a disability context.  *Id.* (citing 5 U.S.C. §§ 8337(b), 8453).  The Federal Circuit found that the administrative judge's analysis failed to follow the court's instruction to consider each case according to its unique facts and circumstances because it did not address the appellant's argument or explain why the OWCP deadline was unreasonable for the appellant to rely upon. *Arnold*, 572 F. App'x at 982 (citing *Kasarsky v. Merit Systems Protection Board*, 296 F.3d 1331, 1335 (Fed. Cir. 2002)).

¶10       Accordingly, the court remanded the case for a determination as to whether the appellant's reliance on the 1-year time limit for appealing his OWCP claim was a reasonable excuse for his 10-month delay in filing his PFE.  *Arnold*, 572 F.

App'x at 982. The court instructed the Board to consider the following facts and circumstances on remand: the appellant was not given an indication of what a reasonable time period would be; the appellant's pro se status; and the appellant's claim that he believed 1 year to be a reasonable period of time given that his OWCP claim provided a year in which to appeal. *Id.*

## ANALYSIS

¶11        Consistent with the court's instructions, we have considered whether the appellant had a reasonable excuse for filing his PFE 10 months after he became aware of the alleged breach of the settlement agreement. This case involves a pro se appellant who was informed that he must file his PFE within a reasonable time after he learned of the breach of the settlement agreement but was not given any guidance as to what amount of time was reasonable. Further, as the court noted, 1-year time limits are common in a disability context and the objective of both the appellant's PFE and his OWCP proceedings was to obtain disability compensation. In that regard, the record shows that the appellant's objective throughout these proceedings has been to obtain disability compensation. *See* IAF, Tab 1 at 3 (the appellant's Board appeal form in his removal appeal stating that he wanted to postpone his removal in order to obtain disability compensation). Given these circumstances, we find that the appellant's reliance on the OWCP deadline for challenging its decisions on disability compensation was reasonable and, therefore, the appellant has a reasonable excuse for his 10-month delay in filing his PFE.

¶12        As the court explained, "if an employee gives a reasonable excuse for a filing delay, such excuse should be accepted by the [administrative judge] absent a showing of substantial prejudice to the agency caused by the delay in filing." *Arnold*, 572 F. App'x at 981-82 (quoting *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980)). Here, the agency has not argued that it would be substantially prejudiced by the filing delay.

**ORDER**

For the reasons discussed above, we REMAND this case to the Western Regional Office for adjudication of the merits of the appellant's allegations of noncompliance.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.