NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VICTOR R. ZIEGLER, SR.,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2017-1640, 2017-1641

---

Petitions for review of the Merit Systems Protection Board in Nos. DE-3443-02-0301-I-1, DE-3443-06-0454-M-2, DE-3443-06-0455-M-2.

---

Decided: August 15, 2017

---

VICTOR R. ZIEGLER, SR., Fort Thompson, SD, pro se.

SARA B. REARDEN, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK, KATHERINE M. SMITH, JEFFREY GAUGER.

---

Before NEWMAN, O'MALLEY, and REYNA,
*Circuit Judges.*

PER CURIAM.

Victor Ziegler, Sr. petitioned the Merit Systems Protection Board for review of a 2002 final order that dismissed certain appeals for lack of jurisdiction. The Board concluded that Mr. Ziegler's petition was filed untimely and that it, therefore, lacked jurisdiction. We *affirm* the decision of the Board.

## BACKGROUND

This complicated series of litigation began nearly sixteen years ago and now reaches this court for the third time. The rich history of the series of petitions, appeals, and determinations are set out in *Ziegler v. Department of the Interior*, 70 F. App'x 542, 543 (Fed. Cir. 2003) and *Ziegler v. MSPB*, 296 F. App'x 930 (Fed. Cir. 2008). Only the facts and background relevant to this narrow appeal are set forth below.

As relevant here, Mr. Ziegler worked as a police officer for a division of the United States Department of the Interior ("agency"). In 2001, Mr. Ziegler alleged that the agency discriminated against him and later coerced his resignation in 1999.[1] In April 2002, the agency issued a final decision on discrimination stating that because Mr. Ziegler presented a "mixed" claim, the proper forum for appeal was the Board, not the EEOC. Mr. Ziegler appealed the agency's final decision to the Board in May 2002. The Board found that the proper forum for appeal of any discrimination claim was the EEOC and therefore dismissed Mr. Ziegler's appeal. The Board's dismissal became final on June 21, 2002. Mr. Ziegler did not file a petition for review at that time.

---

[1]  *Ziegler v. Dep't of the Interior*, MSPB Docket Nos. DE-07542-02-0050-I-1 and DE-0762-02-0051-I-1.

On March 22, 2016, Mr. Ziegler petitioned for review of the Board's June 21, 2002 initial decision. In a December 27, 2016 Final Order, the Board explained that petitions for review must be filed within 35 days from issuance of the initial decision, or, if the petitioner received the initial decision more than 5 days after issuance, within 30 days from the date he received the initial decision. S.A. 4–5, ¶ 8; 5 C.F.R. § 1201.114(d). The Board noted that Mr. Ziegler failed to allege that he received the initial decision more than 5 days after its issuance on June 21, 2002. Thus, according to the Board, Mr. Ziegler's petition for review "was untimely filed by more than 13 years." S.A. 5, ¶ 8.

The Board explained that it will excuse late filings upon showing of good cause. *See* 5 C.F.R. § 1201.114(f). Good cause requires a party to show that he exercised ordinary prudence or due diligence. *Alonzo v. Dep't of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether a party has shown good cause, the Board considers the *Alonzo* factors. *Id.*; *see also Moorman v. Dep't of the Army*, 68 M.S.P.R. 60, 62–63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). After reviewing the *Alonzo* factors, the Board found that Mr. Ziegler had not shown good cause. S.A. 5, ¶ 10. The Board noted, for example, that even though Mr. Ziegler was not represented by counsel, he graduated from law school in 2004 and is a member of the District of Columbia Bar. S.A. 6, ¶ 10. Finally, the Board found that Mr. Ziegler was not entitled to equitable tolling. S.A. 5–6, ¶ 10. Because it found that Mr. Ziegler filed his petition for review more than a decade late and that he failed to show good cause for the delay, the Board dismissed his petition as untimely.

Mr. Ziegler appeals, and we have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

DISCUSSION

We uphold the Board's decision unless it is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see also U.S. Postal Serv. v. Gregory*, 534 U.S. 1, 6–7 (2001) (explaining that we do not substitute our judgment over the Board's factual determination). We review the factual findings underlying the Board's conclusion that Mr. Ziegler's petition was untimely for abuse of discretion. *Bolton v. MSPB*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

It is undisputed that Mr. Ziegler's 2016 petition for review was filed years after the deadline for reviewing the Board's June 21, 2002 decision. Mr. Ziegler, therefore, bears the burden of showing good cause for filing his petition for review late. *See Mendoza v. MSPB*, 949 F.2d 391, 393 (Fed. Cir. 1991) ("The appellant bears the burden of proof on issues of timeliness, by a preponderance of the evidence."). To show good cause, Mr. Ziegler must prove that he exercised due diligence or ordinary prudence under the circumstances. *Black v. Dep't of Justice*, 87 M.S.P.R. 545, ¶ 5 (2001).

In evaluating whether good cause exists, the Board must consider the *Alonzo* factors: the length of delay; whether the appellant was notified of, or was aware of, the time limit; the reasonableness of the appellant's excuse; the appellant's diligence; whether the appellant is pro se; and whether circumstances beyond the appellant's control affected his ability to timely file his petition. *Walls v. MSPB*, 29 F.3d 1578, 1582 (Fed. Cir. 1994) (citing *Alonzo*, 4 M.S.P.R. at 184); *Moorman*, 68 M.S.P.R. at 62–63. We agree with the Board that Mr. Ziegler failed to show good cause that would warrant such a late filing.

In this case, the delay was approximately thirteen years.[2] The record shows that Mr. Ziegler was notified of pertinent filing deadlines. For example, the Board's June 21, 2002 decision contains a "NOTICE TO APPELLANT" explaining that he had 5 days from issuance (or 30 days from receipt) to file a petition for review. S.A. 10. Mr. Ziegler's allegation that the Department of Interior failed to comply with a prior, related settlement agreement does not excuse his unreasonable delay in filing. And while Mr. Ziegler proceeded pro se, he is an attorney. Nor has Mr. Ziegler alleged any circumstances out of his control that prevented him from filing a petition for review for thirteen years. We note that Mr. Ziegler engaged in other litigation in 2007 and 2008, thus demonstrating that he was able to make legal filings. In sum, none of the *Alonzo* factors favors Mr. Ziegler. We therefore find that substantial evidence supports the Board's finding that Mr. Ziegler failed to show good cause that would justify his late filing.

We also agree with the Board that our decision in *Kirkendall v. Department of the Army*, 479 F.3d 830 (Fed. Cir. 2007) (en banc), does not render Mr. Ziegler eligible for equitable tolling. The Board found *Kirkendall* not to control because that case concerns the filing deadline for Veterans Employment Opportunities Act ("VEOA") complaints. Here, by contrast, the issue is the filing deadline for petitions for review. In *Kirkendall*, we focused on whether there was a sufficiently analogous private suit to

---

[2] Even if Mr. Ziegler were appealing the Board's June 16, 2008 dismissal, his petition for review was filed approximately eight years late. For the same reasons we determine that Mr. Ziegler has not shown good cause for delay in petitioning for review of the 2002 decision, he has not shown good cause for the delay in petitioning for review of the 2008 decision.

a VEOA claim and whether Congress clearly expressed its intent to limit equitable tolling of VEOA complaints. *See id.* at 837–42. Based on that analysis, we concluded that the VEOA is subject to equitable tolling. *Id.* at 834. Our discussion of VEOA claims in *Kirkendall*, however, has no bearing on petitions for review. As such, we agree with the Board that Mr. Ziegler was not eligible for equitable tolling.

Finally, we note that Mr. Ziegler's informal brief appears to argue the merits of certain claims, including Uniformed Services Employment and Reemployment Rights Act ("USERRA") and VEOA claims. The record, however, demonstrates that in 2008, the Board consolidated and dismissed Mr. Ziegler's USERRA and VEOA claims at Mr. Ziegler's request. S.A. 22. Mr. Ziegler has not appealed that decision, which remains final and binding. *See Olivares v. MSPB*, 17 F.3d 386, 388 (Fed. Cir. 1994). Because we agree that the Board lacked jurisdiction, we do not evaluate the underlying merits contained in Mr. Ziegler's appeal. *See id.*

## CONCLUSION

The Board's conclusion that Mr. Ziegler failed to show good cause to untimely file his petition for review of a 2002 final decision is supported by substantial evidence. We therefore *affirm* the Board's dismissal of the petition for review.

## AFFIRMED

### COSTS

No costs.