## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHELLE A. FERRELL,
        Appellant,

        v.

DEPARTMENT OF HOUSING AND
    URBAN DEVELOPMENT,
        Agency.

DOCKET NUMBER
DA-0752-20-0212-I-1

DATE: October 31, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Michelle A. Ferrell</u>, North Richland Hills, Texas, pro se.

<u>Sakeena M. Adams</u> and <u>Mary C. Merchant</u>, Fort Worth, Texas,
    for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. For the reasons set forth below, the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

The appellant retired from the agency on January 31, 2020, and thereafter filed the instant appeal asserting that her retirement was involuntary. Initial Appeal File (IAF), Tab 1 at 3, 5. After affording the appellant her requested hearing, the administrative judge issued a September 2, 2020 initial decision finding that the evidence did not show the appellant's retirement was involuntary and dismissing the appeal for lack of jurisdiction. IAF, Tab 64, Initial Decision (ID) at 20-21. The initial decision informed the appellant that it would become final on October 7, 2020, unless a petition for review was filed by that date and informed the appellant how to file a petition for review. ID at 21-22.

On September 8, 2021, the appellant filed a petition for review and included with her filing a motion purporting to show good cause for her untimely filing. Petition for Review (PFR) File, Tab 2 at 4, 6-28. The agency did not file a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's regulations provide that a petition for review must be filed within 35 days of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date she received the initial decision. 5 C.F.R. § 1201.114(e). The Board will waive its filing deadline only upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.114(f), (g). To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). The Board will consider the length of the delay, the reasonableness of an appellant's excuse and her showing of due diligence, whether she is proceeding pro se, and whether

she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Applying these factors, we find that the appellant failed to establish good cause for her untimely petition for review. Though due on October 7, 2020, the appellant did not file her petition for review until September 8, 2021, approximately 11 months late.[2] Although she is proceeding pro se, the delay of 11 months is significant. *Kroeger v. U.S. Postal Service*, 112 M.S.P.R. 488, ¶ 7 (2009) (finding an almost 5-month delay in filing a PFR significant). In addition, the appellant's explanations do not offer good cause for this significant delay.

The appellant asserts that she did not initially understand that she could file a petition for review despite a lack of a quorum on the Board. PFR File, Tab 2 at 6-7, 26, 34. She claims that she "hesitantly" sent an appeal to the Equal Employment Opportunity Commission (EEOC) Office of Federal Operations (OFO) "thinking it was her only option." *Id.* at 6. She also appears to suggest that the administrative judge discouraged her from filing a petition of review with the Board because of the quorum issue. *Id.* at 4. She claims that when she realized she could file her petition for review absent a quorum of Board members,

---

[2] Although the appellant claims not to have received the initial decision until September 8, 2020, PFR File, Tab 2 at 3, she was registered as an e-filer, and the initial decision was served electronically on her on September 2, 2020. IAF, Tab 1 at 2, Tab 65. Our regulations provide that pleadings and Board documents served electronically on registered e-filers are deemed received on the date of electronic submission. *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 5 (2009); 5 C.F.R. § 1201.14(m)(2) (2020). We therefore deem the appellant to have received the initial decision on September 2, 2020. In any event, even if the appellant did not receive the initial decision until September 8, 2020, she still has not shown that her petition for review was timely filed or good cause exists for the lengthy filing delay.

she "immediately," on February 9 and 11, 2021, notified the Office of the Clerk of the Board. *Id.* at 26.[3]

These arguments fail to establish good cause for her delay because language in the September 2, 2020 initial decision informed her of her right to file a petition for review and how to do so. ID at 21-22. Specifically, under the heading "BOARD REVIEW," the initial decision states: "You may request Board review of this initial decision by filing a petition for review," followed by detailed instructions for filing. *Id.* Under the heading, "NOTICE OF LACK OF QUORUM," the initial decision explains that the Board is unable to issue decisions on petitions for review due to a lack of quorum, but adds: "*parties may continue to file petitions for review during this period . . . .*"[4] ID at 22 (emphasis added).

The appellant also states that her disabilities, including "not being able to focus" and damage to her home caused by a storm on February 16, 2021,

---

[3] The appellant also argues that the agency representative "sabotaged" her case by referring to it as a mixed case, citing the agency's response to her petition to the EEOC OFO stating, "When the Board denies jurisdiction in a mixed case complaint, the EEOC has held that the case is considered a 'non-mixed' matter and should be administratively closed." PFR File, Tab 2 at 6-7, 31. We note that OFO closed the mixed-case petition and referred the remaining discrimination complaint back to the agency for further processing as a non-mixed case. *Id.* at 36. OFO also instructed the agency to notify the appellant that she had the right to contact an EEO counselor within 45 days of OFO's decision. *Id.* In any event, the appellant does not show how these events contributed to her delay in filing her petition for review to the Board.

[4] To the extent the appellant asserts that the administrative judge discouraged her from filing a petition for review with the Board because of the lack of quorum, her claim lacks specifics regarding what the administrative judge said or did to discourage her filing. PFR File, Tab 2 at 4. Moreover, the initial decision clearly explained how to file a petition for review and specifically stated that parties could continue to file petitions for review even in the absence of a quorum. ID at 22. The appellant's failure to follow the instructions in the initial decision is insufficient to establish good cause for her delay. *Njoku v. Department of Homeland Security*, 111 M.S.P.R. 262, ¶ 7 (2009) (stating that an appellant's unfamiliarity with legal matters and Board procedures and his failure to follow explicit filing instructions in the initial decision does not constitute good cause for a filing delay).

contributed to her lateness in filing.[5] PFR File, Tab 2 at 4. She claims that she started working on submitting the motion showing good cause and was subjected to a storm 5 days later, which caused her to set aside all efforts to file with the Board and instead focus on making her home livable again. *Id.* at 26.

Although we are sympathetic to the appellant's claims of disability and home damage, she provides no justification for the entirety of the filing delay, either prior to or after the February 16, 2021 storm. In fact, her prosecution of two other Board appeals during this period demonstrates that these adversities did not materially impede her ability to timely file her petition for review.

In assessing the appellant's excuses for her filing delay, we may take official notice of the details of these other appeals. *See Thomson v. Department of Transportation*, 92 M.S.P.R. 392, ¶ 6 (2002); 5 C.F.R. § 1201.64. On September 25, 2020, just weeks after the issuance of the initial decision in this case, the appellant filed an initial appeal contesting the Office of Personnel Management's denial of her disability retirement application. *Ferrell v. Office of Personnel Management*, MSPB Docket No. DA-844E-20-0546-I-1, Initial Appeal File, (0546 IAF), Tab 1 at 4. She filed eight additional pleadings in that appeal, including five after the February 16, 2021 storm, before it was dismissed on May 5, 2021.[6] 0546 IAF, Tabs 3, 6, 9, 16, 21-22, 25-26. Further, subsequent to filing a whistleblowing complaint with the Office of Special Counsel on September 30, 2020, on April 9, 2021, the appellant filed an Individual Right of Action (IRA) appeal against the agency. *Ferrell v. Department of Housing and Urban Development*, MSPB Docket No. DA-1221-21-0228-W-1, Initial Appeal

---

[5] To the extent the appellant is asserting that health issues prevented her from timely filing her petition for review, she was informed of what she needed to show to establish good cause based on such a claim. PFR File, Tab 2 at 3. Among other things, the appellant has not presented any medical evidence in this appeal to support her claim and has not explained how her condition prevented her from filing.

[6] The administrative judge in that matter dismissed the appeal for lack of jurisdiction following the Office of Personnel Management's rescission of its reconsideration decision. *Ferrell v. Office of Personnel Management*, MSPB Docket No. DA-844E-20-0546-I-1, Initial Decision (May 5, 2021).

File (0228 IAF), Tab 1 at 4-5, 8-14. By September 8, 2021, the date of her petition for review in the present case, she had submitted an additional 20 pleadings in her IRA appeal. 0228 IAF, Tabs 6, 9, 11-12, 14, 22, 24-25, 27, 30-32, 34, 40, 46-48, 51-53. The volume and content of these pleadings, in which the appellant displays an ability to advocate her position and respond to events, demonstrate that her explanations for her inability to file a petition for review, particularly after February 2021, do not establish good cause. *Ziegler v. Merit Systems Protection Board*, 705 F. App'x 997, 999 (Fed. Cir. 2017)[7] (noting a petitioner who filed an untimely petition for review engaged in other litigation during the delay period, thus demonstrating he was able to make legal filings).

Accordingly, we dismiss the petition for review as untimely filed without good cause shown.[8] This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the dismissal of the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[9]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[7] The Board may follow a nonprecedential decision of the United States Court of Appeals for the Federal Circuit when, as here, it finds its reasoning persuasive. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016).

[8] Although the appellant also submits arguments and documentary evidence related to the merits of her appeal in her petition for review, PFR File, Tab 2 at 7-28, 34, 38-65, they are not relevant to the issue of whether good cause exists for her delay.

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10]  The court of appeals must <u>receive</u> your

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:     *Gina K. Grippando*
          _____
          Gina K. Grippando
          Clerk of the Board

Washington, D.C.